The principal question made in the argument of this appeal was, whether the plaintiffs were barred by lapse *Page 358 
of time of their right to except to the defendant's administration accounts. The first four accounts were settled more than three years before the filing these exceptions; and the interest of William Hazzard accrued more than three years before that time. But this interest is entirely in right of his "wife; who, at the time of settling the accounts, and also of her marriage with William Hazzard, and at the date of the exceptions, was an infant under the age of twenty-one years.
The plaintiff relies on this as bringing the case within the following proviso or exception to the act of limitation. "Sec. 11. No exceptions to an account of an executor, administrator or guardian, settled by the register for the county, shall be received or filed in the Orphans' Court after the expiration of three years from the settlement of said account; provided, that this limitation in respect to any person under disability of infancy, coverture or incompetency of mind at the time of the settlement of any such account, shall begin to run from the ceasing of such disability, and not from the time of such settlement."
It would seem from the plain application of the words of this proviso, that the limitation fixed by this act could not in any manner affect the rights of Mrs. Hazzard, who was under the disability of infancy at the settlement of the accounts, and up to the filing exceptions. But it has been strongly argued, that her husband could not now have the benefit of this proviso, inasmuch as he was under no disability, and has suffered three years to elapse since his right to except accrued. It has been argued that the bar of the statute was extremely beneficial to the public, and the exceptions out of it were designed to protect only those actually under a disability to enforce their claims.
It must be apparent that unless Mrs. Hazzard's right of excepting to these accounts is identical with her husband's, and her right fully sunk in his, the rejoinder in the pleadings that he was of full age and under no disability, is no answer to the replication of her
infancy. If that establishes a disability which prevents the statute of limitation from having any application to her case, then the competency or ability of any other person to sue, even in her right, cannot make the act apply to her, unless this goes to the extent of removing her disability. For until that disability is removed, there is no law of limitation as to her right. She is not merely excepted out of the act, but excluded from it. *Page 359 
Now in the first place, the right of the husband to the chose in action of the wife, is not identical with the wife's right. Marriage is a conditional gift to the husband of such property of the wife; hut if the condition, (viz: the reducing it to possession.) be not performed, it is no gift at all. (3.2 Law. Lib. 129.) The husband has no right per se; none that he can enforce except by and through her, until her property is reduced into his possession. If he sues, it must be with her name; if he dies, the right continues in her; and does not go to his representatives. Even the obtaining judgment does not change the right. A mere intention to reduce the wife's choses in action into possession will be insufficient. The acts to effect that purpose must be such as to change the property in them; or, in, other words, must be something to divest the wife's right, and to make that of the husband absolute. (Roper on Hits. wife 208; 32 Law Lib. 132.) It is true, that marriage furnishes a means of enforcing the wife's rights notwithstanding her infancy, but this does not remove her disability any more than the appointment of a guardian or the right (always existing) to sue by next friend. In either case the husband, guardian, or next friend may sue for the infant, and may bind her by their acts; hut the legal disability of the infant still continues. She can neither compel them to sue nor sue for herself; she can neither exercise any judgment, nor be supposed to have any judgment in the matter. It is not because there is no means of suing for an infant that she is excepted out of the acts of limitation; though suit may possibly be brought by another in her behalf, her own disability is protected by the law; and all her rights are saved from the operation of the statute until the disability is removed. Nothing can remove the disability of infancy but efflux of time; nothing but the infant's attaining majority. And if the right of excepting to these accounts be expressly saved, it can surely be no objection that in exercising this right a feme covert must needs join with her the name of her husband. It would be idle to admit the right and deny the means of enforcing it. The argument for the defendant takes for granted, first, that this exception is a suit by the husband for his right; whereas, he has no right to the thing sued for until it is recovered, and then implies, that because he might have excepted sooner, not only he hut his wife must, at least during his life, be barred by the act of limitation. But that act only respects her right and protects her disability. It was indeed argued that the husband could in no case be benefited by this disability of the wife, inasmuch as it could not prejudice *Page 360 
him. As well might it be said, that the wife should not be prejudiced by the neglect of the husband to except, as it was not in her power to avail herself of his ability. It comes round to the question, is the wife barred of her right to except? does the act of limitation apply to her? If it does not, then the neglect of no other can prejudice her or deprive her of a right secured to her by the law. And if this right exists in the wife, it is no reason for depriving her of it that the husband, through whom only she can exercise it, may be incidentally benefited by it.
But is the first assumption of the defendant's counsel in this case, and upon which his whole argument is founded, correct? Is this a suit at all? Is it a suit to recover any thing? It is a proceeding to correct accounts, but thereby nothing is recovered. The defendant has filed certain, administration accounts. If right, they furnish the means of a future suit to recover something; if wrong, their correction on exceptions filed, approaches no nearer to a recovery than if they had been originally filed correctly. In these exceptions nothing is demanded, nothing recovered; the wife's chose is her chose yet, not the husband's; and it seems to be a stretch to consider this a suit by the husband to reduce it into his exclusve possession.[1]
But would a suit by husband and wife, founded on the decree on these exceptions and designed to recover the balance on the corrected accounts; would even this be a suit for his right? For the question is not so much whose suit it is, as for whose right it is: for the statute protects the right of action. Is this then a suit for the husband's right? How? Suppose he dies pending suit, it survives to the wife, and does not go to the husband's administrator. Suppose judgment is recovered, whose judgment is it? Still the wife's; and not the husband's. If he die even after judgment but before execution, the judgment still belongs to the wife; and the reason given is, that the husband has not yet reduced it into possession, nor shown any determination to reduce it into his possession: has not yet performed that condition upon which alone by virtue of the marriage he has any right to claim his wife's chose in action. Non constat even yet that the husband ever means to reduce his wife's chose into his possession and complete his right to it. Much less can we say in this case that Mr. Hazzard, by uniting with his wife in excepting *Page 361 
to administration accounts preparatory to a suit, is acting in his own right; and that he alone shall be considered and not his wife, in applying the act of limitations.
If this be the action of the husband and for his right, as it is alledged to be by the marriage, then the statute would protectIds disability of infancy, though suing for the wife's chose in action. For the act says, that if any person entitled to theaction be under the disability of infancy, c., this act shall be no bar to such action during the continuance of such disability, nor for three years after. Suppose an infant feme
entitled to a legacy takes a husband who is an infant. The legacy is his according to this argument, and the action his. Thenhe is protected by the statute during his infancy, and for three years thereafter. He dies after the three years, without reducing the legacy into possession. The wife sues, and it then appears that her right of action has been all the time protected, first by her infancy and afterwards by the coverture. This construction makes the statute to protect the disabilities both of husband and wife, which is absurd. The statute means as it says, to protect the person who is entitled to the action or right of action, and the true test is how would the right of action survive in case of the death of either. Certainly to the wife if the husband die; but if she die the husband can take them only as her administrator.
Another test equally conclusive is found in the consequence of not joining the wife or husband in a suit for her chose in action. If the wife sue alone, and the non-joinder of the husband be not pleaded in abatement, she will recover; for his non-joinder is of so little consequence that it cannot be objected to otherwise than by plea in abatement: hut if the husband sue alone he will be nonsuited, and the nonjoinder of the wife will be fatal in every stage of the proceedings; in arrest of judgment, or on a writ of error.
This in my opinion does not contradict the decision of the High Court of Errors and Appeals, in the case of Shankland.[2] That *Page 362 
case differs from this in these important particulars. 1st. The decision was made upon a limitation law essentially differing in terms from the present act. 2d. It was in reference to the disability of coverture; and 3d. Being a suit for a right of the wife which accrued *Page 363 
after the marriage, it was not merely in form, but in substance, a suit for a cause of action belonging to the husband. He might have sued for it in his own name, without joining the wife with him.
We have seen that, by the proviso to the existing act of limitation, it begins to run in respect to any person under disability of infancy, coverture, c., only "from the ceasing of such disability:" the old act of 1787 imposes a general limitation, saving the right of any person within the age of twenty-one years, feme covert, c., of bringing suit within three years after their coming to or being of full age, discoverture, c. Now the case of Hazzard and wife against Shankland was (in effect) a suit upon a testamentary bond for a legacy, to which the defendant (a surety) pleaded the act of limitation, and the plaintiffs relying upon this saving, replied coverture before the date of the bond, and that the coverture still continued. The court held that the husband was not within the saving; and indeed they might have held that the wife was not, at that time; for the act of 1787 only saves to her the right of bringing suit afterdiscoverture, which of course could never enure to the benefit of the husband, for it could not be enjoyed during the coverture. It is true that the chancellor in delivering the opinion of the court, argued that there was no necessity of extending this saving clause to the husband, because he was under no disability to sue, but the case is evidently confined to the particular disability of coverture, and it appears from the subsequent case of Young vs. Jacobs,
that the court not only did not consider the disability of infancy, but that the chancellor himself doubted whether the same law would apply to it. If a doubt could arise under the saving in the act of 1787, how much stronger is the present *Page 364 
act. which is essentially different in the saving clause, both as to infancy and coverture.
It seems to me, therefore, on this view of the case, that the plaintiffs were not barred by the act of limitation of the right of excepting to any of the defendant's administration accounts, and that the decree of the chancellor dismissing the exceptions to the first four accounts was erroneous.
On the other point, I am for affirming the chancellor's decree.
[1] See the case of Robinson vs. Robinson's adm'r.,
post, June term, 1842.
[2] The State use of James Hazzard and Ann his wife et al
vs. William Shankland. High Court of Errors and Appeals, June term, 1821. Writ of error to the Common Pleas.
 Decree affirmed.